UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
U.S. UNDERWRITERS INSURANCE COMPANY,

                                  Plaintiff,

-against-

14-33/35 ASTORIA BOULEVARD, PARMA TILE
MOSAIC & MARBLE CO., INC., JAMES VISSAS,
HERMITAGE INS. CO., POLIS, INC., GEORGE'S HOME
IMPROVEMENT CORP., GEORGE SIFOUNIOS, CISCO
GENERAL CONSTRUCTION, INC., ALPHA
ENGINEERING & INSPECTION, P.C., ANTHONY
HATZIIOANNOU ARCHITECT, AIA, ANTHONY
HATZIIOANNOU, MOUAD MOQRANE and HASSAN
LAZGANI, LYONS GENERAL INSURANCE AGENCY,
and ANTHONY KAMMAS,

                                Defendants.

------------------------------------------------------------------------x

CIV: CV 10 – 1595 (ARR) (JMA)

**SECOND**
**AMENDED COMPLAINT**

       Plaintiff, U.S. UNDERWRITERS INSURANCE COMPANY, by its attorneys MIRANDA

SAMBURSKY SLONE SKLARIN VERVENIOTIS LLP, complaining of the defendants, alleges,

upon information and belief, as follows:

### THE PARTIES

1.    That at all relevant times plaintiff, U.S. UNDERWRITERS INSURANCE COMPANY

("U.S. UNDERWRITERS"), was and still is a foreign corporation, citizen of North Dakota,

duly organized and existing under and by virtue of the laws of the State of North Dakota, with

its principal place of business located at 190 South Warner Road, Wayne, Pennsylvania.

2.    At all times hereinafter mentioned, plaintiff issued policies of insurance in the State of

New York, through agents as permitted by New York law.

3.    That upon information and belief, at all relevant times, defendant 14-33/35 Astoria

Boulevard, LLC ("14-33/35 Astoria") was a New York citizen and corporation organized by and

existing under the laws of the State of New York, with its principal place of business located at
29-10 14th Street, Astoria, New York, 11102.

4.      That upon information and belief, at all relevant times, defendant Parma Tile Mosaic &
Marble Co., Inc. ("Parma Tile") was a New York citizen and corporation organized by and
existing under the laws of the State of New York, with its principal place of business located at
29-10 14th St., Long Island City, New York, 11102.

5.      That upon information and belief, at all relevant times, defendant James Vissas ("Vissas")
was and still is a citizen of New York and an individual residing at 29-10 14th St., Long Island
City, New York, 11102.

6.      That upon information and belief, at all relevant times, defendant James Vissas ("Vissas")
was and still is a citizen of New York and an individual residing at 2590 Steinway St., Long
Island City, New York 11103.

7.      That upon information and belief, at all relevant times, Hermitage Ins. Co. ("Hermitage")
was a New York citizen and insurance company organized by and existing under the laws of the
State of New York, with its principal place of business located at 1311 Mamaroneck Ave.,
White Plains, New York 10605.

8.      That upon information and belief, at all relevant times, Polis, Inc. ("Polis") was a New
York citizen and corporation organized by and existing under the laws of the State of New York,
with its principal place of business located at   14-37 Astoria Boulevard Astoria, New York,
11102.

9.      That upon information and belief, at all relevant times, George's Home Improvement,
Corp. ("George's") was a New York citizen and corporation organized by and existing under the

2

laws of the State of New York, with its principal place of business located at 46-43 241st Street, Douglaston, New York, 11362.

10.     That upon information and belief, at all relevant times, defendant George Sifounios ("Sifounios") was and still is a citizen of New York and an individual residing at 46-43 214st Street, Douglaston, New York, 11362.

11.     That upon information and belief, at all relevant times, Cisco General Construction, Inc. ("Cisco") was a New York citizen and corporation organized by and existing under the laws of the State of New York, with its principal place of business located at 87-11 118th Street. Suite 2B, Richmond Hill, New York, 11418.

12.     That upon information and belief, at all relevant times, Alpha Engineering & Inspection, P.C. ("Alpha") was a New York citizen and corporation organized by and existing under the laws of the State of New York, with its principal place of business located at  211 Cortelyou Road, Brooklyn, New York, 11218.

13.     That upon information and belief, at all relevant times, defendant Anthony Hatziioannou Architect, AIA ("Hatziioannou AIA") was and still is a citizen of New York and a professional corporation with its principal place of business located at 308C Oyster Bay Road, Syosset, New York 11791.

14.     That upon information and belief, at all relevant times, defendant Anthony Hatziioannou ("Hatziioannou") was and still is a citizen of New York and an individual residing at 308C Oyster Bay Road, Syosset, New York 11791.

3

15.     That upon information and belief, at all relevant times, defendant Mouad Moqrane,

("Moqrane") was and still is a citizen of New York and an individual residing at 158-24 73rd

Ave., Flushing, New York, 11366.

16.     That upon information and belief, at all relevant times, defendant Hassan Lazgani

("Lazgani"), was and still is a citizen of New York and an individual residing at 3314 23rd St.,

Astoria, New York, 11106.

17.     That upon information and belief, at all relevant times, Lyons General Insurance Agency

Inc. ("Lyons") was a New York citizen and corporation organized by and existing under the

laws of the State of New York, with its principal place of business located at 4802 25th Ave

Ste 303, Astoria, NY 11103.

18.     That upon information and belief, at all relevant times, defendant Anthony Kammas

("Kammas") was and still is a citizen of New York and an individual residing at 1247 76th

Street, Brooklyn, NY 11228.

## JURISDICTION

19.     That this Court has subject matter jurisdiction due to diversity of citizenship and an

amount in controversy in excess of $75,000 exclusive of interest and costs, pursuant to 28

U.S.C. §1332.

20.     That venue is proper in this District pursuant to 28 U.S.C. §1391 in that the claim arose in

this District.

21.     That a controversy exists between the parties as to the coverage afforded under a policy of

insurance and the provisions of said policy.

4

22.     That circumstances exist that justify a determination by the Court, pursuant to 28 U.S.C. §2201, of the rights and obligations of the defendants as to the terms of the aforesaid policy of insurance, a determination that will be beneficial to both plaintiff and defendants.

23.     That plaintiff has no adequate remedy at law as to the declaratory relief sought.

24.     That plaintiff seeks monetary relief from defendants Lyons and Kammas in the alternative if the declaratory relief is denied.

## THE SUBJECT POLICY

25.     That the plaintiff, U.S. Underwriters, issued a Commercial Liability Policy of insurance to 14-33/35 Astoria Blvd., LLC,   Policy Number CL3105461, for the Policy Period October 14, 2008 through October 14, 2009 ("The Policy").

26.     That The Policy provided coverage for the premises located at 14-33/35 Astoria Blvd., Astoria, NY 11103 ("The Premises").

27.     That The Policy provided coverage to 14-33/35 Astoria Blvd. for certain classes of work related to Real Estate Development and Contractors – Subcontracted Work.

28.     That in its application for The Policy, 14-33/35 Astoria Blvd. made several representations to U.S. Underwriters, including that 14-33/35 Astoria Blvd. retained Parma Tile as its general contractor to oversee certain construction work which was to be performed at The Premises. Further, 14-33/35 Astoria Blvd. represented to U.S. Underwriters that Parma Tile had insurance and that 14-33/35 Astoria Blvd. was named as an additional insured under Parma Tile's policy.

29.     That Vissas, the principal of 14-33/35 Astoria Blvd., and Parma Tile made the above representations on behalf of his companies in order to induce U.S. Underwriters to issue The Policy.

5

## THE OCCURRENCE AND UNDERLYING ACTION

30.     That prior to December 7, 2008, 14-33/35 Astoria Blvd. became of the owner of The Premises located at 14-33/35 Astoria Blvd., Astoria New York 11103.

31.     That prior to December 7, 2008, 14-33/35 Astoria Blvd. sought to build a four-story building on The Premises.

32.     That prior to December 7, 2008, 14-33/35 Astoria Blvd. failed to retain Parma Tile to act as its general contractor on the construction project at The Premises.

33.     That prior to December 7, 2008, Vissas was the principal of both 14-33/35 Astoria Blvd. and Parma Tile.

34.     That Vissas performed and oversaw the construction work taking place on The Premises on and before December 7, 2008.

35.     That prior to December 7, 2008, 14-33/35 Astoria Blvd. or Vissas retained George's to perform certain construction work on The Premises.

36.     That on and before December 7, 2008, George's performed certain construction work on The Premises.

37.     That prior to December 7, 2008, 14-33/35 Astoria Blvd. or Vissas retained Sifounios to perform certain construction work on The Premises.

38.     That on and before December 7, 2008, Sifounios performed certain construction work on The Premises.

39.     That prior to December 7, 2008, 14-33/35 Astoria Blvd. or Visas retained Cisco to perform certain construction work on The Premises.

40.     That on and before December 7, 2008 Cisco performed certain construction work on The Premises.

41.     That prior to December 7, 2008, 14-33/35 Astoria Blvd. or Vissas retained Alpha to perform certain construction work on The Premises.

42.     That on and before December 7, 2008 Alpha performed certain construction work on The Premises.

43.     That prior to December 7, 2008, 14-33/35 Astoria Blvd. or Vissas retained Hatziioannou AIA to perform certain construction work on The Premises.

44.     That on and before December 7, 2008, Hatziioannou AIA performed certain construction work on The Premises.

45.     That prior to December 7, 2008, 14-33/35 Astoria Blvd. or Vissas retained Hatziioannou to perform certain construction work on The Premises.

46.     That on and before December 7, 2008, Hatziioannou performed certain construction work on The Premises.

47.     That on or about December 7, 2008, while a four-story building was being constructed on The Premises, a cinderblock wall collapsed causing damage to the adjacent property located at 14-37 Astoria Boulevard, Astoria New York ("the Adjacent Property"). (The entire event is referred to herein as ("The Occurrence.")

48.     That on December 7, 2008, Polis was the owner of the owner of the Adjacent Property.

49.     That as a result of the damage caused to the Adjacent Property, Polis submitted a claim to its property insurance carrier, Hermitage.

7

50.    That in response to the claim made by Polis, Hermitage compensated Polis for the damages to its property arising from The Occurrence.

51.    That on or about April 20, 2009, Hermitage, as subrogor of Polis, commenced an action captioned Hermitage Insurance Company a/s/o Polis, Inc. v. 14-33/35 Astoria Blvd., LLC, Parma Tile Mosaic & Marble Co., Inc., Cisco General Construction, Inc., George Sifounios and Anthony Hatziioannou, in New York State Supreme Court, Westchester County, under Index No. 8337/09, and also filed Hermitage Insurance Company a/s/o Polis, Co. v. 14-33/35 Astoria Blvd., LLC, et al., Index No. 9081/11 (both of which will be referred to as the "Hermitage Action"). Copies of the two complaints relevant to the Hermitage Action are attached hereto jointly as **Exhibit A.**

52.    That the complaint in the Hermitage Action alleges that Hermitage has paid $428,271.50 to Polis to cover the damage cause to Polis' property by The Occurrence.

53.    That Hermitage further asserts that The Occurrence and damage to Polis' property was caused by the conduct of the defendants named in the Hermitage Action.

54.    That on or about May 7, 2009, Lazgani commenced an action captioned Hassane Lazgani v. 14-33/35 Astoria Blvd. and James Vissas, in New York State Supreme Court, Queens County, under Index No. 12272 (the "Lazgani Action"). A copy of the complaint in the Lazgani Action is attached as **Exhibit B.**

55.    That the complaint in the Lazgani Action, alleges that on or before December 7, 2008, Lazgani suffered personal injuries which were caused by negligently performed construction work at 14-33/35 Astoria Blvd. in Queens.

8

56.     That Lazgani further asserts that his injuries were caused by the negligence of the defendants named in the Lazgani Action.

57.     That on or about September 25, 2009, Moqrane commenced an action captioned Mouad Moqrane v. Polis Inc., 14-33/35 Astoria Blvd., LLC, Cisco General Construction, Inc., Alpha Engineering & Inspections, and Anthony Hatziioannou Architect, in New York State Supreme Court, Queens County, under  Index No. 26702/09 (the "Moqrane Action").  A copy of the complaint in the Moqrane Action is attached as **Exhibit C.**

58.     That the complaint in the Moqrane Action, alleges that on December 7, 2008, Moqrane suffered personal injuries while lawfully on the premises known as 14-35 Astoria Blvd. in Queens County when a wall collapsed on The Premises.

59.     That Moqrane further asserts that his injuries were caused by the negligence of the defendants named in the Moqrane Action.

60.     That another action has been filed in Supreme Court, Queens County, as a result of the same incident, captioned Polis Inc. v. 14-33/35 Astoria Blvd, LLC et al., under Index No. 12346/11 (the "Polis Action").  A copy of the complaint in the Polis Action is attached as **Exhibit D.**

61.     That upon information and belief, the Hermitage Action, the Lazgani Action and the Moqrane Action and the Polis Action have been consolidated in the Supreme Court, Queens County.

62.     To the extent any other claim or lawsuit exists, or is later asserted, arising from the same incident alleged to have occurred on or about December 7, 2008, the same relief is sought herein by plaintiff as to all such other claims or lawsuits as well.

## DISCLAIMER

63.     That on December 9, 2008, U.S. Underwriters received notice of the December 7, 2008 occurrence.  Thereafter, U.S. Underwriters received notice of the <u>Hermitage Action</u>, the <u>Lazgani Action</u>, the <u>Moqrane Action</u> and the <u>Polis Action</u>.

64.     That on May 27, 2009, U.S. Underwriters issued a disclaimer of coverage to its insured, 14-33/35 Astoria Blvd. and all potential claimants as to The Occurrence and the <u>Hermitage Action</u>.  In its disclaimer, U.S. Underwriters cited numerous policy provisions under which The Occurrence and <u>Hermitage Action</u> were excluded from coverage.

65.     That on December 1, 2009, U.S. Underwriters issued a disclaimer of coverage to its insured, 14-33/35 Astoria and all potential claimants as to the occurrence and the <u>Lazgani Action</u>.  In its disclaimer, U.S. Underwriters cited numerous policy provisions under which The Occurrence and <u>Lazgani Action</u> were excluded from coverage.

66.     That on December 1, 2009, U.S. Underwriters issued a disclaimer of coverage to its insured, 14-33/35 Astoria and all potential claimants as to The Occurrence and the Moqrane <u>Action</u>.  In its disclaimer, U.S. Underwriters cited numerous policy provisions under which The Occurrence and <u>Moqrane Action</u> were excluded from coverage.

67.     That U.S. Underwriters also has disclaimed as to the <u>Polis Action</u>.

## AS AND FOR A FIRST CAUSE OF ACTION

68.     Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of the complaint numbered "1" through "67" as if fully set forth at length herein.

69.     That 14-33/35 Astoria's application for The Policy contained numerous misrepresentations.

10

70.    That 14-33/35 Astoria's application stated that as of October 14, 2008, the project at
The Premises had not yet commenced.  However, the project had commenced.

71.    That 14-33/35 Astoria's application stated that the applicant or its employees or
volunteers would not be performing any direct labor.  However, 14-33/35 Astoria's principal,
employees and volunteers did perform direct labor.

72.    That 14-33/35 Astoria's application stated that the project did not involve any exterior
work above three stories.  However, exterior work above three stories was performed on the
project.

73.    That 14-33/35 Astoria's application stated that it hired a General Contractor to handle the
entire project and that 14-33/35 Astoria entered into a contract with the General Contractor.

74.    That during the application process, 14-33/35 Astoria represented to U.S. Underwriters
that Parma Tile was going to act as the General Contractor for the project.  However, Parma Tile
was not retained as the General Contractor for the project.

75.    That 14-33/35 Astoria's application stated that its General Contractor was required to
carry insurance with a minimum of $1,000,000 per occurrence, that the General Contractor was
required to name 14-33/35 Astoria as an Additional Insured under its policy, and that 14-33/35
Astoria obtained a certificate of insurance confirming its status as an additional insured under
Parma Tile's insurance policy.

76.    That 14-33/35 Astoria represented to U.S. Underwriters during the application process
that it was named as an additional insured under Parma Tile's policy.  However, since 14-33/35
Astoria did not retain Parma Tile to act as the General Contractor, 14-33/35 Astoria did not
obtain the necessary additional insured coverage from a General Contractor for the project.

77.   That U.S. Underwriters would not have issued The Policy to 14-33/35 Astoria had

U.S. Underwriters known that 14-33/35 Astoria made the above referenced

misrepresentations during the application process.

78.   That based upon the material nature of 14-33/35 Astoria's misrepresentations, The Policy

should be rescinded and the Court should declare that U.S. Underwriters has no duty to defend

or indemnify 14-33/35 Astoria or any of the other defendants named herein with regard to The

Occurrence, the <u>Hermitage Action</u>, the <u>Lazgani Action</u>, the <u>Moqrane Action</u> or the <u>Polis Action</u>.

## AS AND FOR A SECOND CAUSE OF ACTION

79.   Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs

of the complaint numbered "1" through "78" as if fully set forth at length herein.

80.   The Policy Provides in pertinent part as follows:

**PRE-EXISTING OR PROGRESSIVE DAMAGE OR DEFECT EXCLUSION**

The following is added to **SECTION I - COVERAGES, COVERAGE A Bodily Injury and Property Damage Liability, Paragraph 2. Exclusions:**

1. **Pre-existing or Progressive Damage or Defect**
This insurance does not apply to "bodily injury" or "property damage", or any damage(s) arising out of or related to "bodily injury" or "property damage", whether known or unknown,
a. Which first occurred, or is alleged to have first occurred, in whole or in part, prior to the inception date of this policy; or
b. Which are, or alleged to be, in the process of occurring, in whole or in part, prior to the inception date of this policy, even if the "occurrence" continues, changes or resumes during the policy period; or
c. Which is in the process of being reported, investigated, in litigation or settled as of the inception date of this policy.

This insurance does not apply to "property damage", or any damage(s) arising out of or related to "property damage", whether known or unknown, that arises out of the same or substantially the same condition or defect, or series of conditions or defects, which

12

existed prior to the inception date of this policy, even if the condition or defect, or series of conditions or defects continues, changes or resumes during the policy period.

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

**L-600 (8/05)**

81.   As the construction work at the premises commenced prior to the application period, the damages arising from The Occurrence are excluded by the above referenced provision.

82.   Therefore, the Court should declare that U.S. Underwriters has not duty to defend or indemnify 14-33/35 Astoria or any of the other defendants named herein with regard to The Occurrence, the <u>Hermitage Action</u>, the <u>Lazgani Action</u>, the <u>Moqrane Action</u>, or the <u>Polis Action</u>

### AS FOR A THIRD CAUSE OF ACTION

83.   Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of the complaint numbered "1" through "82" as if fully set forth at length herein

84.   That The Policy provides, in pertinent part, as follows:

> **LOCATION OF PREMISES**
> Location of All Premises You Own, Rent or Occupy:
> 1) 14-33/35 Astoria Boulevard, Astoria, NY 11103

85.   That the damages arising from The Occurrence did not occur on the insured location, but rather occurred on the Adjacent Property located at 13-37 Astoria Boulevard in Queens, New York and are therefore not covered under The Policy.

86.   Therefore, the Court should declare that U.S. Underwriters has no duty to defend or indemnify 14-33/35 Astoria or any of the other defendants named herein with regard to The

Occurrence, the <u>Hermitage Action</u>, the <u>Lazgani Action</u>, the <u>Moqrane Action</u>, or the <u>Polis Action</u>.

<b><u>FOURTH CAUSE OF ACTION</u></b>

87.    Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of the complaint numbered "1" through "86" as if fully set forth at length herein.

88.    That The Policy provides, in pertinent part, as follows:

| Classification | Code No. |
|---|---|
| Real Estate Development Property<br>001 Owner's & Tenant's Protective | 47051 |
| 1 Contractors — Subcontracted Work<br>001 in connection with the Owner's &<br>Tenant's Protective Product | 91 594 |

Relevant to those classifications, the Classification Limitation Endorsement limits coverage as follows:

**CLASSIFICATION LIMITATION ENDORSEMENT**

Coverage under this contract is strictly limited to the classification(s) and code(s) listed on the policy Declarations page.

No coverage is provided for any classification(s) and code(s) not specifically listed on the Declarations page of this policy.

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

**L-232s (9/05)**

89.    That the damages arising from The Occurrence was caused by conduct at The Premises which does not fall within the above referenced classifications of activities.

14

90.     Therefore, the Court should declare that U.S. Underwriters has no duty to defend or indemnify 14-33/35 Astoria or any of the other defendants named herein with regard to The Occurrence, the Hermitage Action, the Lazgani Action, the Moqrane Action, or the Polis Action.

## FIFTH CAUSE OF ACTION

91.     Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of the complaint numbered "1" through "90" as if fully set forth at length herein.

92.     That The Policy provides, in pertinent part, as follows:

**WORK PERFORMED BY THE INSURED EXCLUSION**

This policy does not insure against loss or expense, including but not limited to the cost of defense, as a result of "work" performed by any insured.

For purposes of this endorsement "work" is defined as activity or operations performed by any insured involving actual construction, renovation, demolition or debris removal. "Work" does not mean materials, parts or equipment furnished by any insured in connection with such activity or operations.

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

**L690 (10/06)**

93.     That the damages arising from the Occurrence resulted from "work," as defined by the above policy exclusion, performed by the insured, 14-33/35 Astoria Blvd. and its principal, Vissas, at The Premises.

94.     Therefore, the Court should declare that U.S. Underwriters has no duty to defend or indemnify 14-33/35 Astoria Blvd. or any of the other defendants named herein with regard

to The Occurrence, the <u>Hermitage Action</u>, the <u>Lazgani Action</u>, the <u>Moqrane Action</u>, or the <u>Polis Action</u>.

<u>**SIXTH CAUSE OF ACTION**</u>

95.    Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of the complaint numbered "1" through "94" as if fully set forth at length herein.

96.    That The Policy provides, in pertinent part, as follows:

> **EXCLUSION DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF**
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> Exclusion **I. of Section I - Coverage A — Bodily Injury And Property Damage Liability** is replaced by the following:
> **2. Exclusions**
> This insurance does not apply to:
> **1. Damage To Your Work**
>    'Property damage' to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
>
> **CG 22 94 10 01**

97.    That the alleged bodily injuries and property damage arose from damage to work performed by subcontractors on 14-33/35 Astoria's behalf and therefore are excluded from coverage by the above referenced exclusion.

98.    Therefore, the Court should declare that U.S. Underwriters has no duty to defend or indemnify 14-33/35 Astoria or any of the other defendants named herein with regard to the Occurrence, the <u>Hermitage Action</u>, the <u>Lazgani Action</u>, the <u>Moqrane Action</u>, or the <u>Polis Action</u>.

16

## SEVENTH CAUSE OF ACTION

99.   Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs

of the complaint numbered "1" through "98" as if fully set forth at length herein.

100.   That The Policy provides, in pertinent part, as follows:

      **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
      **LIQUOR LIABILITY COVERAGE FORM**
      **BUSINESSOWNERS COVERAGE FORM**
      **COMMERCIAL UMBRELLA POLICY**
      **EXCESS LIABILITY POLICY**

      **ABSOLUTE PROFESSIONAL LIABILITY EXCLUSION**

      This policy does not insure against loss or expense, including but not limited to the cost of defense, arising out of or resulting from, directly or indirectly, the rendering of or failure to render professional services of any kind, or any error or omission, malpractice or mistake in the rendering of professional services of any kind, committed or alleged to have been committed by or on behalf of any insured.

      This exclusion applies to all loss sustained by any person, including emotional distress, whether alleged, threatened or actual including but not limited to negligence or other wrongdoing with respect to:

    a.  Hiring, placement, employment, training, supervision or retention of a person for whom any Insured is or ever was legally responsible; or

    b.  Investigation or reporting to the proper authorities, or failure to so report; or

    c.  The failure to protect any person while that person was in the Insured's care, custody or control.

      All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

      **L 549 (12-07)**

17

101. That the damages caused by The Occurrence arose from services rendered by professionals, including but not limited to architects and engineers and therefore are excluded from coverage under the above referenced exclusion.

102. Therefore, the Court should declare that U.S. Underwriters has no duty to defend or indemnify 14-33/35 Astoria or any of the other defendants named herein with regard to The Occurrence, the Hermitage Action, the Lazgani Action, the Moqrane Action, or the Polis Action.

## EIGHTH CAUSE OF ACTION

103. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of the complaint numbered "1" through "102" as if fully set forth at length herein.

104. That The Policy provides, in pertinent part, as follows:

**EXCLUSION - BLASTING**

This insurance does not apply to "bodily injury," "property damage," "personal injury," or "advertising injury" arising out of any blasting.

All other terms and conditions remain unchanged.

**L-424 (03/98)**

105. That the damages caused by occurrence arose from blasting which took place at The Premises and is therefore excluded from coverage by the above referenced exclusion.

106. Therefore, the Court should declare that U.S. Underwriters has no duty to defend or indemnify 14-33/35 Astoria or any of the other defendants named herein with regard to The Occurrence, the Hermitage Action, the Lazgani Action, the Moqrane Action, or the Polis Action.

## NINTH CAUSE OF ACTION

107.   Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of the complaint numbered "1" through "106" as if fully set forth at length herein.

108.   That The Policy provides, in pertinent part, as follows:

**EXCLUSION - EXTERIOR WORK OVER FOUR STORIES**

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of:

1.) "Your work" on the exterior of any building or structure in excess of four stories or 50 feet in height, whichever is greater; or

2.) "Your work" on the exterior of any building or structure that is proposed to be over four stories or 50 feet in height, whichever is greater.

This exclusion will not apply to "your work" performed within the interior walls of any building or structure.

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

**L-540 (4/06)**

109.   That the damages caused by The Occurrence arose from exterior construction at The Premises taking place above four stories or four hundred feet and therefore are excluded from coverage by the above referenced exclusion.

110.   Therefore, the Court should declare that U.S. Underwriters has no duty to defend or indemnify 14-33/35 Astoria or any of the other defendants named herein with regard to The Occurrence, the <u>Hermitage Action</u>, the <u>Lazgani Action</u>, the <u>Moqrane Action</u>, or the <u>Polis Action</u>.

## TENTH CAUSE OF ACTION

111.   Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of

the complaint numbered "1" through "110" as if fully set forth at length herein.

112.   That The Policy provides, in pertinent part, as follows:

**EXCLUSION - EXTERIOR FINISH SYSTEMS**

This insurance does not apply to "bodily injury" or "property damage" arising out of or in any way involving "your work" or "your product" in connection with: 1.   The design, manufacture, use, sale, construction, fabrication, preparation, installation, application, maintenance or repair, including remodeling, service, correction or replacement of an exterior finish system or partially installed system, including but not limited to "Exterior Insulation and Finish System" ("EIFS") (also known as synthetic stucco) or any part thereof, "Direct-applied Exterior Finish System" ("DEFS") or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulkings , or sealants in connection with such a system; 2. Any work or operation with respect to any exterior component, fixture, or feature of any structure if EIFS or DEFS or any other similar system is used on any part of that structure.

This exclusion applies to "your work" and "your product" described in Paragraph 1. or Paragraph 2. above performed by you or on your behalf.

"Exterior Insulation and Finish System" ("EIFS") (also known as synthetic stucco) means an exterior cladding or finish system used on any part of any structure, and consisting of:

1.   A rigid or semi -rigid insulation board made of expanded polystyrene or other material; and

2.   The adhesive and/or mechanical fasteners used to attach the insulation board to the substrate; and

3.   A reinforced or unreinforced base coat; and

4.   A finish coat providing surface texture and color; and

5.   Any flashing, caulking, or sealant used with the system.

20

"Direct-applied Exterior Finish System" ("DEFS") means an exterior cladding or finish system and all component parts therein used on any part of any structure, and consisting of:

1. A rigid or semi-rigid substrate; and

2. The adhesive and/or mechanical fasteners used to attach the substrate to the structure; and

3. A reinforced or unreinforced base coat; and

4. A finish coat providing surface texture and color; and

5. Any flashing, caulking, or sealant used with the system.

All other terms and conditions of this policy remain unchanged. This endorsement is a part of your policy and takes effect on the effective date of your policy unless another effective date is shown.

**L-571 (8/04)**

113. That the damages caused by The Occurrence arose from an exterior finish system or partially installed system and therefore are excluded from coverage by the above referenced exclusion.

114. Therefore, the Court should declare that U.S. Underwriters has no duty to defend or indemnify 14-33/35 Astoria or any of the other defendants named herein with regard to The Occurrence, the Hermitage Action, the Lazgani Action, the Moqrane Action, or the Polis Action.

## ELEVENTH CAUSE OF ACTION

115. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of the complaint numbered "1" through "114" as if fully set forth at length herein.

116. That The Policy provides, in pertinent part, as follows:

21

**EXCLUSION PRODUCTS-COMPLETED OPERATIONS HAZARD**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART.**

This insurance does not apply to "bodily injury" or "property damage" included within the "products-completed operations hazard".

**CG 21 04 11 85**

117. That the damages caused by the occurrence arose from completed construction work at the site and therefore is excluded from coverage by the above referenced exclusion.

118. Therefore, the Court should declare that U.S. Underwriters has no duty to defend or indemnify 14-33/35 Astoria or any of the other defendants named herein with regard to The Occurrence, the <u>Hermitage Action</u>, the <u>Lazgani Action</u>, the <u>Moqrane Action</u>, or the <u>Polis Action</u>.

## TWELFTH CAUSE OF ACTION

119. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of the complaint numbered "1" through "118" as if fully set forth at length herein.

120. That The Policy provides, in pertinent part, as follows:

**WORK COMPLETED OR PREMISES PUT TO USE EXCLUSION**

This policy does not insure against loss or expense, including but not limited to the cost of defense, arising from an occurrence that takes place at the earlier of the following:

1. . When all of "your work" performed by the general contractor at the premises designated in the Declarations has been completed; or

2. When any person, entity or organization, including any insured, has put to use the portion of the premises on which "your work" was performed.

22

All other terms and conditions of this Policy remain unchanged. This endorsement is a part of your Policy and takes effect on the effective date of your Policy unless another effective date is shown.

**L 625 (11/06)**

121.   That the damages caused by The Occurrence arose after the work of the insured's general contractor was complete and after14-33/35 Astoria  put a portion of the premises to use and therefore are excluded from coverage by the above referenced exclusion.

122.   Therefore, the Court should declare that U.S. Underwriters has no duty to defend or indemnify 14-33/35 Astoria or any of the other defendants named herein with regard to The Occurrence, the Hermitage Action, the Lazgani Action, the Moqrane Action, or the Polis Action.

### THIRTEENTH CAUSE OF ACTION

123.   Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of the complaint numbered "1" through "122" as if fully set forth at length herein.

124.   That The Policy provides an exclusion reading, in pertinent part, as follows:

> m.   Damage To Impaired Property Or Property Not Physically Injured
> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
> (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
> (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**CG 00 01 10 01**

23

125. That the damages caused by The Occurrence arose from damage to impaired property which arose from a defect in the insured's product or work and from failure of those working on the insured's behalf to perform in accordance with its terms and therefore is excluded from coverage by the above referenced exclusion.

126. Therefore, the Court should declare that U.S. Underwriters has no duty to defend or indemnify 14-33/35 Astoria or any of the other defendants named herein with regard to The Occurrence, the <u>Hermitage Action</u>, the <u>Lazgani Action</u>, the <u>Moqrane Action</u>, or the <u>Polis Action.</u>

## FOURTEENTH CAUSE OF ACTION

127. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of the complaint numbered "1" through "126" as if fully set forth at length herein.

128. That The Policy provides an exclusion reading, in pertinent part, as follows:

   a. **2. Exclusions**
   **b. Contractual Liability**
   "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
   **(1)** That the insured would have in the absence of the contract or agreement; or
   **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
   **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
   **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.
   CG 00 01 10 01

The contractual liability exclusion is supplemented by the following:

**CONTRACTUAL LIABILITY LIMITATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The definition of "insured contract" in the DEFINITIONS Section is replaced by the following:

"Insured contract" means
**a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

**b.** A sidetrack agreement;

**c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

e. An elevator maintenance agreement.

**CG 21 39 10 93**

129.   That causes of action have been asserted against 14-33/35 Astoria based upon liability it has incurred through contracts and therefore is excluded from coverage under the above referenced exclusion

130.   Therefore, the Court should declare that U.S. Underwriters has no duty to defend or indemnify 14-33/35 Astoria or any of the other defendants named herein with regard to The

Occurrence, the Hermitage Action, the Lazgani Action, the Moqrane Action, or the Polis Action.

## FIFTEENTH CAUSE OF ACTION

131.  Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs of the complaint numbered "1" through "130" as if fully set forth at length herein.

132.  Kammas and Lyons were the brokers of 14-33/35 Astoria Boulevard, LLC and made material misrepresentations to U.S. Underwriters and its agents with the purpose of inducing U.S. Underwriters to issue a contract of insurance14-33/35 Astoria Boulevard LLC that U.S. Underwriters otherwise would not have issued but did so in reliance upon the misrepresentations made, to its detriment.

133.  Upon information and belief, Parma Tile Mosaic and Marble Co., Inc., 14-33/35 Astoria Boulevard LLC and James Vissas allege in a lawsuit entitled Parma Tile Mosaic and Marble Co., Inc., 14-33/35 Astoria Boulevard LLC and James Vissas v. Lyons General Insurance Agerncy, Inc. and Anthony Kammas, pending in Queens County, under Index Number 27313, that Lyons and Kammas committed errors and omissions in the placement of insurance for Parma Tile Mosaic and Marble Co., Inc., 14-33/35 Astoria Boulevard LLC and James Vissas.

134.  James Vissas has testified that Parma Tile was never intended to be and never was the general contractor for the construction project at 14-33/35 Astoria Boulevard at issue here.

135.  James Vissas has testified that the contract that was submitted in this case as the agreement between 14-33/35 Astoria Boulevard, LLC and Parma Tile for work as a general contractor was, in fact, not a valid contract and, indeed, was a blank page when signed by Vissas and later filled in by, upon information and belief, Kammas and/or another employee at Lyons,

26

with information that was not accurate and that, according to Vissas, he did not authorize or approve.

136.  Kammas and Lyons knew that there was no contract or agreement between 14-33/35 Astoria Boulevard, LLC and Parma Tile for work to be performed by Parma Tile as a general contractor at the premises located at 14-33/35 Astoria Boulevard.

137.  Kammas and Lyons knew that Parma Tile was never a general contractor for the work performed at the premises located at 14-33/35 Astoria Boulevard.

138.  Kammas and Lyons knew that Parma Tile had no insurance to cover it at any point for liability claims arising from work as a general contractor performed at the premises located at 14-33/35 Astoria Boulevard.

139.  Kammas and Lyons knew that 14-33/35 Astoria Boulevard, LLC was not afforded insurance coverage as an additional insured at any point under any policy issued to Parma Tile to cover liability claims arising from work of Parma Tile as a general contractor performed at the premises located at 14-33/35 Astoria Boulevard.

140.  Notwithstanding what they knew, Kammas and Lyons intentionally, recklessly and/or negligently provided inaccurate and fraudulent documents to U.S. Underwriters to the effect that a "contract" or agreement existed between 14-33/35 Astoria Boulevard, LLC and Parma Tile for the latter to work as a general contractor at the premises located at 14-33/35 Astoria Boulevard.

141.  Notwithstanding what they knew, Kammas and Lyons intentionally, recklessly and/or negligently provided inaccurate and fraudulent documents to U.S. Underwriters to the effect that the general contractor had insurance for the work to be performed at the premises located at 14-33/35 Astoria Boulevard.

27

142.   Notwithstanding what they knew, Kammas and Lyons intentionally, recklessly and/or negligently provided inaccurate and fraudulent documents to U.S. Underwriters to the effect that 14-33/35 Astoria Boulevard, LLC was listed as an additional insured for the work to be performed by the general contractor at the premises located at 14-33/35 Astoria Boulevard.

143.   Kammas and Lyons knew at the time of the representations to U.S. Underwriters that there was no contract between 14-33/35 Astoria Boulevard, LLC and Parma Tile for work as a general contractor at the premises located at 14-33/35 Astoria Boulevard.

144.   Kammas and Lyons knew at the time of the representations to U.S. Underwriters that Parma Tile was not intended to be the general contractor, that the general contractor did not have insurance for the work to be performed at the premises located at 14-33/35 Astoria Boulevard.

145.   Kammas and Lyons knew at the time of the representations to U.S. Underwriters and that 14-33/35 Astoria Boulevard, LLC was not listed as an additional insured for the work to be performed by the general contractor at the premises located at 14-33/35 Astoria Boulevard.

146.   Kammas and Lyons knew at the time of the application for insurance and exchange with the agent that U.S. Underwriters would rely on the representations made as to the contract between 14-33/35 Astoria Boulevard, LLC and Parma Tile for work as a general contractor for work as a general contractor at the premises located at 14-33/35 Astoria Boulevard, that Parma Tile was intended to be the general contractor, that the general contractor had insurance for the work to be performed, and that 14-33/35 Astoria Boulevard, LLC was listed as an additional insured for the work to be performed by the general contractor.

28

147.   Kammas and Lyons knew at the time of the application for insurance and exchange with the agent that U.S. Underwriters would rely on the representations made as to the contract between 14-33/35 Astoria Boulevard, LLC and Parma Tile for work as a general contractor for work as a general contractor at the premises located at 14-33/35 Astoria Boulevard, that Parma Tile was intended to be the general contractor, that the general contractor had insurance for the work to be performed, and that 14-33/35 Astoria Boulevard, LLC was listed as an additional insured for the work to be performed by the general contractor.

148.   Kammas and Lyons knew at the time of the application for insurance and exchange with the agent that U.S. Underwriters would rely on the representations made as to the contract between 14-33/35 Astoria Boulevard, LLC and Parma Tile for work as a general contractor for work as a general contractor at the premises located at 14-33/35 Astoria Boulevard, that Parma Tile was intended to be the general contractor, that the general contractor had insurance for the work to be performed, and that 14-33/35 Astoria Boulevard, LLC was listed as an additional insured for the work to be performed by the general contractor.

149. U.S. Underwriters, in issuing the policy described in this action, relied upon the representation Kammas and Lyons as to the contract between 14-33/35 Astoria Boulevard, LLC and Parma Tile for work as a general contractor for work as a general contractor at the premises located at 14-33/35 Astoria Boulevard, that Parma Tile was intended to be the general contractor, that the general contractor had insurance for the work to be performed, and that 14-33/35 Astoria Boulevard, LLC was listed as an additional insured for the work to be performed by the general contractor.

150.  U.S. Underwriters was damaged by the issuance of the policy described in this action upon the representation Kammas and Lyons as to the contract between 14-33/35 Astoria Boulevard, LLC and Parma Tile for work as a general contractor for work as a general contractor at the premises located at 14-33/35 Astoria Boulevard, that Parma Tile was intended to be the general contractor, that the general contractor had insurance for the work to be performed, and that 14-33/35 Astoria Boulevard, LLC was listed as an additional insured for the work to be performed by the general contractor.

151.  Kammas and Lyons as insurance brokers providing information to an insurance company owed a duty of care to U.S. Underwriters to provide accurate information.

152.  Kammas and Lyons were aware that the information provided was to be used by U.S. Underwriters in determining whether to issue the policy.

153.  Kammas and Lyons made the representation noted above with intent to deceive and for the purpose of inducing U.S. Underwriters to act upon it by relying on the untrue statement.

154.  U.S. Underwriters was deceived by the material misrepresentations made by Kammas and Lyons into issuing the policy to and 14-33/35 Astoria Boulevard, LLC.

155.  As Kammas and Lyons were the insurance brokers representing Vissas and 14-33/35 Astoria Boulevard, LLC, U.S. Underwriters was justified in relying on the information they provided with the application.

156.  If U.S. Underwriters is unable to rescind the policy in this action or is denied rescission of the policy as a remedy, then U.S. Underwriters will be damaged by the material misrepresentations of Kammas and Lyons if U.S. Underwriters is compelled to cover the claims

30

and lawsuits asserted against Vissas and 14-33/35 Astoria Boulevard, LLC, arising from the incident that is alleged to have occurred on December 7, 2008, as noted above.

157.  U.S. Underwriters has suffered and will suffer damages, including but not limited to the cost of the defense afforded by U.S. Underwriters to Vissas and 14-33/35 Astoria Boulevard, LLC as to the claims and lawsuits that arose from the incident that is alleged to have occurred on December 7, 2008, as noted above, and the defense of this action, as well as the possibility of having to pay indemnity with respect to the claims and lawsuits that arose from the incident, including Hermitage Action, the Lazgani Action, the Moqrane Action, and the Polis Action.

158.  U.S. Underwriters therefore seeks judgment against Kammas and Lyons for the damages incurred and to be incurred by U.S. Underwriters from the issuance of the policy, including but not limited to the cost of the defense afforded by U.S. Underwriters to Vissas and 14-33/35 Astoria Boulevard, LLC as to the claims and lawsuits that arose from the incident that is alleged to have occurred on December 7, 2008, as noted above, and the defense of this action, as well as the possibility of having to pay indemnity with respect to the claims and lawsuits that arose from the incident, including Hermitage Action, the Lazgani Action, the Moqrane Action, and the Polis Action.

**WHEREFORE**, plaintiff U.S. UNDERWRITERS INSURANCE COMPANY requests:

(1) judgment made and entered herein:

(a)  Declaring that Policy Number CL3105461 issued to 14-33/35 Astoria Blvd., LLC, is rescinded; and/or

(b)  Declaring that the plaintiff is not obligated to defend and/or indemnify defendant 14-33/35 Astoria Blvd. LLC under U.S. Underwriters policy

31

number CL3105401 as to The Occurrence, the Hermitage Action, the Lazgani Action, the Moqrane Action, and the Polis Action;

(c) Declaring that the plaintiff is not obligated to defend and/or indemnify defendant Parma Tile Mosaic & Marble Co., Inc. under U.S. Underwriters policy number CL3105401 as to The Occurrence, the Hermitage Action, the Lazgani Action, the Moqrane Action, and the Polis Action;

(d) Declaring that the plaintiff is not obligated to defend and/or indemnify defendant James Vissas under U.S. Underwriters policy number CL3105401 as to The Occurrence, the Hermitage Action, the Lazgani Action, the Moqrane Action, and the Polis Action;

(e) Declaring that the plaintiff is not obligated to defend and/or indemnify defendant Hermitage Ins. Co. under U.S. Underwriters policy number CL3105401 as to The Occurrence, the Hermitage Action, the Lazgani Action, the Moqrane Action, and the Polis Action;

(f) Declaring that the plaintiff is not obligated to defend and/or indemnify defendant Polis, Inc. under U.S. Underwriters policy number CL3105401 as to The Occurrence, the Hermitage Action, the Lazgani Action, the Moqrane Action, and the Polis Action;

(g) Declaring that the plaintiff is not obligated to defend and/or indemnify defendant George's Home Improvement Corp. under U.S. Underwriters policy number CL3105401 as to The Occurrence, the Hermitage Action, the Lazgani Action, the Moqrane Action, and the Polis Action;

(h)  Declaring that the plaintiff is not obligated to defend and/or indemnify defendant George Sifounios under U.S. Underwriters policy number CL3105401 as to The Occurrence, the Hermitage Action, the Lazgani Action, the Moqrane Action, and the Polis Action;

(i)  Declaring that the plaintiff is not obligated to defend and/or indemnify defendant Cisco General Construction, Inc. under U.S. Underwriters policy number CL3105401 as to The Occurrence, the Hermitage Action, the Lazgani Action, the Moqrane Action, and the Polis Action;

(j)  Declaring that the plaintiff is not obligated to defend and/or indemnify defendant Alpha Engineering & Inspection, P.C. under U.S. Underwriters policy number CL3105401 as to The Occurrence, the Hermitage Action, the Lazgani Action, the Moqrane Action, and the Polis Action;

(k)  Declaring that the plaintiff is not obligated to defend and/or indemnify defendant Anthony Hatziioannou Architect, AIA under U.S. Underwriters policy number CL3105401 as to The Occurrence, the Hermitage Action, the Lazgani Action, the Moqrane Action, and the Polis Action;

(l)  Declaring that the plaintiff is not obligated to defend and/or indemnify defendant Anthony Hatziioannou under U.S. Underwriters policy number CL3105401 as to The Occurrence, the Hermitage Action, the Lazgani Action, the Moqrane Action, and the Polis Action;

(m)  Declaring that the plaintiff is not obligated to defend and/or indemnify defendant Mouad Moqrane under U.S. Underwriters policy number

33

CL3105401 as to The Occurrence, the <u>Hermitage Action</u>, the <u>Lazgani Action</u>, the <u>Moqrane Action</u>, and the <u>Polis Action</u>; and

(n)   Declaring that the plaintiff is not obligated to defend and/or indemnify defendant Hassan Lazgani under U.S. Underwriters policy number CL3105401 as to The Occurrence, the <u>Hermitage Action</u>, the <u>Lazgani Action</u>, the <u>Moqrane Action</u>, and the <u>Polis Action</u>; and

(2) judgment against Kammas and Lyons for the damages incurred and to be incurred by U.S. Underwriters from the issuance of the policy, including but not limited to the cost of the defense afforded by U.S. Underwriters to Vissas and 14-33/35 Astoria Boulevard, LLC as to the claims and lawsuits that arose from the incident that is alleged to have occurred on December 7, 2008, as noted above, and the defense of this action, as well as the possibility of having to pay indemnity with respect to the claims and lawsuits that arose from the incident, including <u>Hermitage Action</u>, the <u>Lazgani Action</u>, the <u>Moqrane Action</u>, and the <u>Polis Action</u>.

Dated: Mineola, New York
      January 15, 2014

                MIRANDA SAMBURSKY SLONE
                SKLARIN VERVENIOTIS LLP
                Attorneys for Plaintiff
                **U.S. UNDERWRITERS INS. CO.**

                By:_____
                Steven Verveniotis
                240 Mineola Boulevard
                Mineola, New York 11501
                (516) 741-7676
                Our File No.:  09-170